NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Laura Zebersky,** Individually, and on behalf of all others similarly situated, | Civil Action No.06-cv-1735 (PGS) |
| Plaintiff, | |
| v. | |
| **Bed Bath & Beyond, Inc.,** a New York Corporation; **Synergy,** Inc., A New Jersey Corporation; and John Doe corporations (1-10). | **OPINION** |
| Defendants. | |

Defendants move to dismiss plaintiff's Class Action Complaint based on lack of standing (Fed. R. Civ. P. 12(b)(1)), failure to state a claim (Fed. R. Civ. P. 12(b)(6)), and failure to plead fraud with particularity (Fed. R. Civ. P. 9(b))[1].

I.

This Class Action Complaint alleges affirmative misrepresentations on labels of bed linens and bed sheets sold and distributed by Defendant, Bed Bath & Beyond, and manufactured by Defendant Synergy. The Complaint specifically points to a "600 Thread Count Hotel Fine Linens Collection" and Bed Bath & Beyond's private label collection line identified as being "1000 Thread Count." Both products are allegedly manufactured, distributed, and sold by the defendants. Plaintiff maintains that "customers pay higher prices for higher thread count sheets and linens." In discussing

---

[1] In this motion, defendants do not raise any objections with regard to class issues. Fed. R. Civ. P. 23.

the standard for thread counting, plaintiff provides that the "consensus among other organizations like ASTM International and the National Textile Association [is] that the proper definition and method for determining thread count is to count the number of threads in the warp and filling directions in one square inch of fabric, regardless of the ply of the yard (single or multiple plied components)." It is alleged that the defendants engaged in deceptive, unfair, misleading and otherwise unlawful conduct by "representing to customers and clients that the afore described bed linen products contained and contain a certain thread count...when in fact the thread counts were and are a fraction of the advertised and promoted amount." Plaintiff identifies the class as those consumers who purchased the bed linens and bed sheets and identifies herself as a member of that class.

II.

Defendants' claim is that this court lacks subject matter jurisdiction because plaintiff does not have standing to sue defendants. Article III of the Constitution restricts the "judicial power" of the United States to the resolution of cases and controversies. See *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit. *Id.* Standing has constitutional and prudential components, both of which must be satisfied before a litigant may seek redress in the federal courts. *Id.*; *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537 (3d Cir.1994). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed. *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir.2003).

"The three elements necessary to satisfy the irreducible constitutional minimum of standing are: (1) the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)(citing *United States v. Hays*, 515 U.S. 737, 742-43, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995)).

Defendants contend that plaintiff has failed to plead injury in fact or a causal connection between the injury and conduct complained of. Although the pleadings should be more specific, plaintiff identifies the class as purchasers of the bed linen and bed sheets, and alleges that she is a member of that class, as well as the fact that the goods purchased were of inferior quality to what was represented by defendants. In light of the broad interpretation courts afford the standing requirement, it would appear that plaintiff has alleged an injury in fact sufficient to withstand the motion. *See,* Robert E. Bartkus, *New Jersey Federal Civil Procedure*, §1:1-2; *Reynold v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997).

III.

Plaintiff's Complaint relies substantially on the New Jersey Consumer Fraud Act (NJCFA). The NJCFA states: "Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction." N.J.S.A.56:8-19. "To state a claim under the NJCFA, a plaintiff must allege each of three elements (1) unlawful conduct by the

defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J.Super. 8, 12-13 (App. Div. 2003) (citing *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 24 (1994)). It is obvious that plaintiff has adequately stated what the unlawful practice is; but whether plaintiff has adequately identified the ascertainable loss and the causal nexus is questionable.

Under the NJCFA, a plaintiff must allege that the defendants' unlawful conduct caused her to suffer an ascertainable loss. *Dabush v. Mercedes Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div. 2005). This requirement has been broadly defined to embrace more than a monetary loss. *Union Ink Co. v. AT & T Corp.*, 352 N.J. Super. 617, 646 (App. Div. 2002). In fact, "[a]n ascertainable loss occurs when a consumer receives less than what was promised." *Id.*; see also *Miller v. American Family Publishers*, 284 N.J. Super. 67, 89-91 (Ch. Div. 1995) ("For their money, they received something less than and different from what they reasonably expected in view of defendant's presentations. This is all that is required to establish ascertainable loss..."). Thus, if plaintiff was promised a bed sheet containing a certain thread count and received a lower thread count of lesser value, an ascertainable loss may be realized. However, plaintiff's Complaint merely assert that "Defendants have unfairly and unjustly profited from their conduct described herein." The profit to the defendants is wholly distinct from the loss incurred by the plaintiff. Other than the claim that "Plaintiff and the Class have suffered damages, and have suffered an ascertainable loss," plaintiff fails to plead an ascertainable loss, and further, fails to define the ascertainable loss.

Even if the Court were to accept that plaintiff had properly pled an ascertainable loss, the plaintiff must also prove a causal relationship between the alleged unlawful conduct and the

ascertainable loss. In responding to defendants causal relationship argument, Plaintiff mistakenly equates reliance (an element of common law fraud) to casual relationship (an element under NJCFA). New Jersey courts have distinguished these concepts. While common law fraud "requires proof of reliance[,] consumer fraud requires only proof of a causal nexus between the [misrepresentation or] concealment of the material fact [by a defendant] and the loss," suffered by "any person." *Varacallo v. Massachusetts Mut. Life Ins. Co.*, 332 N.J. Super. 31, 43, 752 A.2d 807 (App. Div. 2000); N.J.S.A. 56:8-2; see also *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 607-08, 691 A.2d 350 (1997). Hence, NJCFA requires plaintiff to "prove a causal nexus between the alleged [misrepresentation]" and his or her damages. *Schering-Plough*, 367 N.J. Super. at 15; *Varacallo*, 332 N.J.Super. at 43. Plaintiff must prove only that its ascertainable loss was "attributable to conduct made unlawful by the [Act]." *Thiedemann v. Mercedes Benz USA, LLC*, 183 N.J. 234, 246 (2005)(citing *Meshinsky v. Nichols Yacht Sales, Inc.*, 110 N.J. 464, 472-73 (1988)(citing *Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267, 271 (1978)).

Although plaintiff states in each count that the plaintiff and the class suffered "an ascertainable loss attributable to the conduct made unlawful by the NJCFA," nowhere in the Complaint does the plaintiff explain how the ascertainable loss is attributable to the unlawful conduct. Plaintiff in her opposition brief merely provides the following:

> Plaintiff need only show a causal nexus between the offending conduct and her ascertainable loss. Clearly, Plaintiff has made the allegation by showing the Court the industry standard that consumers have come to apply; Defendant's use of the magic words "thread count" which are part of that standard; Defendants [sic] misapplication of the standard case by using the accepted nomenclature while applying a different (and quite misleading) methodology for counting threads; and the higher price she paid for these misrepresented sheets.

However, the aforementioned statement merely alleges unlawful conduct and a possible ascertainable loss. At no point does plaintiff link the elements with the required causal nexus.

The causal nexus requirement stems from the portion of the statute requiring a private plaintiff to show that he or she suffered an "ascertainable loss...*as a result of* the use or employment [] of any method, act, or practice declared unlawful under this act." (emphasis added). "Thus, the 'causal nexus' requirement requires proof that the prohibited act must in fact have misled, deceived, induced or persuaded the plaintiff to purchase defendant's product or service." *Fink v. Ricoh Corp.*, 365 N.J. Super. 520, 574 (Law Div. 2003)(citing *Chattin v. Cape May Green*, 216 N.J. Super. 618, 641 (App. Div.) certif. den. 107 N.J. 148 (1987)).

Plaintiff, however, repeatedly asserts in her opposition that the NJCFA "provides relief even where no consumer has actually been misled or deceived by wrongful conduct." N.J.S.A. 56:8-2. Plaintiff misreads the statutory scheme. To recover in a private right of action, N.J.S.A. 56:8-2 must be read in pari materia with N.J.S.A. 56:8-19 which requires that a causal connection be shown.

It is noteworthy that the appellate courts of New Jersey have not substantively analyzed the "causal nexus" in a consumer fraud context. As stated above, a well-cited Law Division case held that the statute "requires proof that the prohibited act must in fact have misled, deceived, induced or persuaded the plaintiff." *Fink*, 365 N.J. Super. at 574; see also *Carton v. Choice Point*, 2006 WL 2623228 (D.N.J. 2006)(Facts did not support, nor did plaintiff alleged, that the alleged deception "induced" plaintiffs to sustain an ascertainable loss). However, it is not necessary that the wrongful conduct be the sole cause of the loss, but merely that it be *a* cause. *Varacallo*, 332 N.J.Super. at 48, 752 A.2d 807 (emphasis added). What is required is that the unlawful conduct, in some way, caused the plaintiff to sustain an ascertainable loss.

Plaintiff has failed to make this connection and, thus, has failed to properly allege consumer fraud. Without the necessary causal nexus between the misrepresentation and the ascertainable loss, plaintiff cannot maintain an action for consumer fraud.

III.

Like a claim of common law fraud, a claim under the NJCFA must satisfy the specificity requirement of Fed.R.Civ.P. 9(b). See *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494, 510 (D.N.J.2000) (finding that plaintiff's claim under the NJCFA was subject to Rule 9(b)'s particularity requirement); see also, *FDIC v. Bathgate*, 1993 WL 661961, at 2 (D.N.J. July 19, 1993) aff'd, 27 F.3d 850 (3d Cir.1994). With respect to class action claims, such as the case here, "less specificity is required when the complaint presents the claims of a [proposed] class and individual identification of the circumstances of the fraud as to each class member would require voluminous pleadings." *In re the Prudential Ins. Co.*, 975 F.Supp. at 596-97 (quoting *Alfaro v. E.F. Hutton & Co., Inc.*, 606 F.Supp. 1100, 1108 (E.D.Pa.1985)). However, an individually named plaintiff must satisfy Rule 9(b) independently. *Id.* at 597. The Complaint should therefore contain "sufficient detail as to [a named plaintiff's] claims to apprise [a defendant] of that plaintiff's exact grounds for relief and the specific conduct that plaintiff charges." *Id.*; See *Szczubelek*, 2001 WL 34875217 (D.N.J. 2001).

To satisfy the specificity requirement of Fed.R.Civ.P. 9(b) the pleadings must state what the misrepresentation was, what was purchased, when the conduct complained of occurred, by whom the misrepresentation was made, and how the conduct led plaintiff to sustain an ascertainable loss. From the Court's review of the Complaint, plaintiff fails to satisfy this requirement. Plaintiff fails to allege any specifics regarding her own transaction including what product plaintiff purchased,

when the product was purchased, where the product was purchased, and how the misrepresentation led plaintiff to sustain an ascertainable loss. Because Ms. Zebersky must satisfy Rule 9(b) independently, the pleadings here fail to satisfy the basic requirements of a Complaint based in fraud. Fraud claims must specify "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir.1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)). In this case, plaintiff does not meet this standard. The pleadings lack the required specificity pursuant to Fed.R.Civ.P. 9(b).

In summary, the Court rules as follows:

Defendants' motion to dismiss for lack of subject matter jurisdiction due to lack of standing is denied.

Defendants' motion to dismiss for failure to state a claim upon which relief may be granted is granted with leave to amend said Complaint within 20 days of the Order accompanying this opinion.

Defendants' motion to dismiss for failure to plead with particularity pursuant to R. 9(b) is granted with leave to amend as set forth above.

November 28, 2006

PETER G. SHERIDAN, U.S.D.J.